Next case for argument is Alvarez v. Sessions, Mr. or Miss, I don't know, Abdelhadi. Good morning, Your Honors. May it please the Court, Counsel. My name is Aya Abdelhadi and I am here on behalf of Petitioner Freddy Hernandez. With the Court's permission, we have reserved about three minutes for rebuttal. We are here today to discuss Mr. Hernandez's due process rights violation. Mr. Hernandez was in immigration court proceedings in April of 2015. His due process rights were violated when he was not afforded a full and fair trial before an immigration judge for two reasons. First, the immigration judge did not abandon his role as a neutral fact finder. And second, the immigration judge did not consider all relevant factors before rendering a decision. Moving to the first point, the immigration judge abandoned his role as a neutral fact finder, which constituted an error of law. An alien is entitled to be heard before a neutral immigration judge as required by statute and regulation. Referring to the Seventh Circuit decision of Rodriguez-Galicia v. Gonzalez, states that it is reversible error for an immigration judge to take over questioning, so that in the end, the judge, rather than the attorney, had elicited whatever testimony the applicant has offered. In that case, the rule breaks down into whether there is a due process violation occurs in two steps. So first, the immigration judge can either limit or interrupt. Sir, what's the case you're citing? Rodriguez-Galicia v. Gonzalez. Is that in your brief? Yes. I'm looking at your table of citations. I don't see it. Where is it in your brief? It might be a follow-up citation. It looks like page 28. Thank you, Your Honor. So it breaks it down into two steps. First, whether the immigration judge limits some testimony or frequently interrupts that of the applicant. Secondly, whether the immigration judge completely bars chunks of testimony that would support the applicant's claim. Once that's established, in order for it to be a due process violation, it must be shown that the petitioner was prejudiced by the immigration judge's actions. Here, the immigration judge assumed the role of counsel of the government and took over complete lines of questioning. What evidence was the petitioner unable to present? In order for there to be a due process violation.  No, we were not unable to present any evidence. However, the immigration judge took over the role of counsel. Immigration judges have unbelievably heavy workloads, as I'm sure you know better than I do, right? Sure. And don't have time to waste. And we give trial judges quite a bit of latitude. So can you point us, you've cited the cases, but can you point us to examples? Why is this over whatever uncertain line there is about the role of the immigration judge? Sure. So in the administrative record, anywhere between the pages of 146 to 165, I can pull out a couple of examples. For example, page 157, where he states, well, Mr. Metcalf, I don't see any point in continuing on with respondent's case. I just don't see him eligible for cancellation of removal. This was halfway through the actual individual trial. Again, on page 159, where he says, Mr. Metcalf, come and get the accurate cards. And he specifically states, oops, what else did you want to cover, Mr. Metcalf? It seems as though the immigration judge returned to petitioner's attorney for further questioning. However, that's only after the due process was thrown out the window. At that point, the immigration judge had taken over. Well, what the immigration judge emphasized was the bad relationship that Hernandez has with the children. That seems to be a valid consideration. That is true, Your Honor. However, here we're not going to delve into the actual facts of the case, since the appellate court's jurisdiction only pertains to the due process violation. I don't understand. We can't consider any facts? I don't believe at this stage you have the jurisdiction to. At this stage, you would only be looking to see the due process violation. Well, I don't understand. Then on what basis would we reverse? We're not allowed to consider any facts. The basis would be that the immigration judge took over complete lines of questioning to the point where we were prejudiced. The immigration judge did what? I'm having trouble understanding you. I'm sorry. I'm a little under the weather. So the immigration judge took over complete lines of questioning to the point where the petitioner was prejudiced. So there's a case, again, Rodriguez-Garcia v. Gonzalez, which states that if an immigration judge interrupts consistently, there could be a significant concern on whether the questioner... I thought Hernandez made a perfectly clear disclosure of his relationship with his wife and children. That's true. So there was evidence that was brought out during the trial. However, the immigration judge's questioning steered that trial. And what happens in that case is that we are unable... I don't know what you mean by steering. Hernandez could say whatever he wanted. True. But what happens is that when an immigration judge takes over to that extent, not all factors... I don't know what you mean by taking over to that extent. He asked him questions, and Hernandez answered. So there's a record. There is a record. So what's missing? What's missing is the fact that the immigration judge should be a neutral fact finder and not assume the role of the trial attorney, as he did in this case, to the point where the trial attorney did not even need... That's not right. A judge can be a neutral fact finder and still throw hard questions at a witness. Of course, Your Honor. Well, that's what the immigration judge did. He did. What did he do that was improper? What he did was he... Give me an example of what he did that was improper, what he said that was improper. So as I cited before on page 157, 159, 163, he consistently... Give me an example, would you please? I want his language. My best example would be on page 157 when he states, I don't see any point in continuing on with respondent's case. We believe that's a due process violation. Counsel, excuse me, but as you know, questions and interruptions are not unknown in this court. Of course. Right? And we have been known to be familiar with the record and the arguments to indicate in the middle of an argument that it's not going anywhere. We've done that this morning. Have we violated the due process clause in doing so? And it's not. Why is this different? It's different here, Your Honor, because it goes to the second part of that prong, which states that when all factors are not addressed and taken into consideration, then the immigration judge is not doing his due diligence. What did he miss? Look, I've never seen a case before in which the alien asserted that his removal would cause exceptional and extremely unusual hardship to the victim of his crime. And that's what this was, right? So here the immigration judge didn't take into consideration the emotional hardship that the petitioner's two United States citizen children would suffer in any meaningful way. Did either of them assert such a hardship, they would experience such a hardship? I'm sorry? Did the daughters assert they would suffer such a hardship? So petitioner did testify during the trial. Petitioner did. Did anybody else? No. Were there letters from the mother of the children or anything like that? Not that I can recall, Your Honor. Look, this is an extraordinarily weak case on the merits, and while I understand you don't want to talk about the facts, in evaluating the immigration judge's management of the hearing, I would think those kinds of things are relevant. Understood. Just to continue on with the second prong, so again the petitioner here would lose all contact with his children. He did testify during the trial that he is making amends with his children, so he does visit them. He has visitation rights with them once a week. He is contributing monetary funds to them. But Judge Hamilton raised an important point. The wife and the children are not kids anymore. They didn't testify. Not at the trial, Your Honor. Well, that's rather pregnant, isn't it? You'd think if they wanted him to stay in the United States, they would testify to that. They don't want him to stay in the United States, obviously, because he's violent. That would be what the immigration judge would have to consider, and that's what did not happen in this case. He did not take a look at all of the factors in a meaningful way. I don't understand you. What are the missing factors? So what I just stated was that the emotional hardship wasn't considered in a meaningful way, financial hardship. Look, why didn't they testify? I'm not sure, Your Honor. Because they want him to go back to Mexico and leave them alone. I mean, that's the natural inference. Not a certainty, but if you want to negate it, you have to present evidence.  But she didn't. There's no evidence. It could be other factors that could have contributed to that as well. No. Okay, well, thank you. Thank you. I have it. I have the heartache. Mr. Cochran. May it please the court. Todd Cochran on behalf of the Attorney General. The court should dismiss the petition for review because it lacks jurisdiction to review the solitary basis for the board's denial of Mr. Hernandez's application for cancellation of removal. It's discretionary determination that Mr. Hernandez thought to demonstrate the requisite exceptional and extremely unusual hardship to his qualifying relatives. Mr. Hernandez also failed to raise a colorable constitutional claim or legal question sufficient to restore this court's jurisdiction because the immigration judge's questioning at the hearing was proper and permissible as it elicited facts necessary to determine whether Mr. Hernandez was eligible for cancellation of removal. I will address the two points that positions counsel raised. First of all, the question of the immigration judge. As Your Honor pointed out, the questions went to relevant issues regarding his statutory and discretionary eligibility for cancellation of removal. On pages 153 to 156 of the administrative record, the immigration judge asked questions about the hardship to his daughters, as Your Honor pointed out, were actually the victims of his crime. On pages 149 to 153 and 160 to 161, the immigration judge asked about his criminal convictions, of which he had two. On pages 161 to 163, they asked about his continuous physical presence in the United States. And at that point, he did admittedly say to petitioners' counsel, after asking some of those questions, I don't see any point in continuing. Essentially, he appeared to be ineligible on a variety of bases. He's got letters of recommendation from employment. I don't even know what his current employment is. Why don't you go into that? He suggested to petitioners' counsel, of which Mr. Metcalf, his counsel, asked more questions about his current employment. The immigration judge, three separate times after that, even though he asked some questions, narrowing the focus of the testimony to the relevant issues, he said on page 159, what else do you want to cover, Mr. Metcalf? On page 163, what other questions do you have, Mr. Metcalf? Why don't you ask him about voluntary departure? Is he even seeking voluntary departure in this case, or not? Mr. Metcalf confirmed he was not seeking that form of relief, and then the immigration judge said, so anything else, Mr. Metcalf? And Mr. Metcalf responded, nothing, your honor. So the immigration judge asked questions that were relevant to his statutory eligibility for cancellation, and in doing so did not violate his due process. On the second point, any questions regarding whether or not the immigration judge appropriately evaluated the undue hardship? Again, those issues, weighing those facts, is beyond this court's jurisdiction here, because that goes to the discretionary undue hardship determination. So if the court has no questions, the government will rest on its brief. Okay, thank you, Mr. Cochran. Mr. Abdelhadi, do you have anything further? Just a couple quick points, your honor. Going back to the relationship between the father and the daughters, so at that point the daughters were younger, so the actual bad relationship was between father and mother, so there would be no way for the children to actually come to testify, had they even wanted to. Also, the judge rendered a decision in this case before the trial attorney even cross-examined. There was no need for the trial attorney to cross-examine. Our argument here is not at what the decision was, it's at how the decision was made. The due process was violated because the judge, although he has the right to question, there should be some balance. He should be questioning in a non-adversarial manner, which is not what happened in this case. Okay, well thank you very much to both counsel.